# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| | ) | |
| CARL GIESLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-0904-HE |
| | ) | |
| SANDRIDGE ENERGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**SANDRIDGE ENERGY, INC.'S MOTION TO DISMISS, IN PART, PLAINTIFF'S
<u>AMENDED COMPLAINT AND BRIEF IN SUPPORT</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

BRIEF IN SUPPORT OF MOTION TO DISMISS, IN PART, PLAINTIFF'S
AMENDED COMPLAINT ................................................................................................ 1

BACKGROUND AND PROCEDURAL HISTORY ......................................................... 2

STANDARD OF LAW ...................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

    I.    Under Oklahoma Law, a Breach of Contract Claim Cannot Merely
        be Recast as a Claim for Conversion. ................................................................... 4

    II.   A Claim for Conversion Cannot be Brought to Satisfy a Debt. .......................... 7

    III.  There is No Cause of Action for Conversion of Intangible Property Such as
        RSUs. ..................................................................................................................... 8

    IV.  Further Amendment Would Be Futile and Giesler's Conversion Claim
        Should be Dismissed with Prejudice. .................................................................. 9

CONCLUSION ................................................................................................................. 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Biomedical Grp., Inc. v. Techtrol, Inc.*,
    374 P.3d 820 (Okla. 2016) ............................................................................................. 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 4

*Bell v. RL Signor Holdings, LLC*,
    No. Civ-17-765-W, 2017 WL 11372407 (W.D. Okla. Oct. 17, 2017) ......................... 5

*CRB Res. Inc. v. Newfield Expl. Mid-Continent Inc.*,
    No. CIV-16-1270-R, 2018 WL 4101523 (W.D. Okla. Aug. 28, 2018) ........................ 7

*In re E.J.S.*,
    483 P.3d 110 (Wash. Ct. App. 2021) ............................................................................ 8

*Flint Ridge Dev. Co. v. Benham-Blair & Affiliates, Inc.*,
    775 P.2d 797 (Okla. 1989) ............................................................................................. 5

*Kalimantano GmbH v. Motion in Time, Inc.*,
    939 F. Supp. 2d 392 (S.D.N.Y. 2013) ........................................................................... 5

*Knight v. Mooring Cap. Fund, LLC*,
    749 F.3d 1180 (10th Cir. 2014) ................................................................................... 10

*Melton v. Melton*,
    No. FA000372455, 2007 WL 2039063 (Conn. Super. Ct. June 27, 2007) .............. 8–9

*In re MF Glob. Holdings, Ltd*,
    No. 11-15059 (MG), 2014 WL 3882363
    (Bankr. S.D.N.Y. Aug. 6, 2014) ................................................................................... 9

*Miller v. EOG Res., Inc.*,
    No. Civ-19-1033-G, 2020 WL 592339 (W.D. Okla. Feb. 6, 2020) .............................. 6

*New Cingular Wireless, PCS, LLC v. Boone*,
    No. CIV-10-0982, 2011 WL 672551 (W.D. Ok. Feb. 15, 2011) ......................... *passim*

*Renfro v. Champion Petfoods USA, Inc.*,
    25 F. 4th 1293 (10th Cir. 2022) .................................................................................... 4

*Ridge at Red Hawk, L.L.C. v. Schneider*,
    493 F.3d 1174 (10th Cir. 2007) .................................................................. 3–4

*Shebester v. Triple Crown Insurers*,
    826 P.2d 603 (Okla. 1992) ......................................................................... 5

*Smith v. Pohl*,
    No. CIV-14-813-D, 2014 WL 4825167 (W.D. Okla. 2014) ........................ 8

*Taylor v. Chesapeake Operating, Inc.*,
    No. CIV-18-565-D, 2019 WL 6174944 (W.D. Okla. Nov. 20, 2019)........................ 7

*Welty v. Martinaire of Okla., Inc.*,
    867 P.2d 1273 (Okla. 1994) ........................................................... 4, 6, 7, 8

*Worldcom, Inc. v. Boyne*,
    68 F. App'x 447 (4th Cir. 2003) ................................................................ 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................ 1, 3, 10

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant SandRidge Energy, Inc. ("SandRidge") respectfully moves to dismiss, in part, Plaintiff Carl Giesler, Jr.'s ("Giesler") Amended Complaint (ECF No. 40).   In adding a new claim for conversion of certain restricted stock units ("RSUs"), Giesler's Amended Complaint attempts to recast his breach of contract claim as one for conversion.   But such an attempt is plainly impermissible under Oklahoma law.   In addition, a claim for conversion cannot be maintained to satisfy a debt, which is the precise nature of Giesler's new claim.   Further, intangible property, such as RSUs, cannot be converted under Oklahoma law.   For these reasons, as explained below, Giesler's conversion claim should be dismissed as a matter of law.

## BRIEF IN SUPPORT OF MOTION TO DISMISS, IN PART, PLAINTIFF'S AMENDED COMPLAINT

This is not a conversion case.   From the outset of this litigation, Giesler has maintained that SandRidge failed to provide him certain restricted stock units ("RSUs") that he claims are owed under the Long-Term Incentive Award of his Employment Contract.[1]   Giesler's core allegation is, and has always been, the non-payment of intangible property allegedly owed pursuant to a contract—*i.e.*, a debt.   His claim therefore sounds as one of breach of contract, and not, as Giesler now asserts, one of conversion.   Despite black

---

[1] "Employment Contract" refers to the April 6, 2020 agreement between SandRidge and Giesler, as referenced in the Amended Complaint (ECF No. 40 at ¶ 6), a complete copy of which can be found attached to Defendant's Cross-Motion for Partial Summary Judgment (*see* ECF No. 34-3).   "Long-Term Incentive Award" refers to Paragraph 5 of that agreement, also referenced in the Amended Complaint. *Id.* at ¶ 13.

letter Oklahoma law that a claim sounding in contract cannot be recast as one for conversion, and that conversion cannot lie for a debt or any other intangible property, Giesler has filed his Amended Complaint asserting conversion of the RSUs allegedly owed under his Employment Contract.  This new conversion claim fails as a matter of law and must be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Giesler resigned from his position as Chief Executive Officer of SandRidge on July 16, 2021—a mere fifteen months into the three-year term contemplated by his Employment Contract.  *See* Am. Compl. ¶¶ 6, 14.  Two months thereafter, on September 15, 2021, Giesler filed his Complaint alleging that, pursuant to the Employment Contract, SandRidge had failed to provide him with 284,323 RSUs that he alleges are owed under the Long-Term Incentive Award in such agreement.  ECF No. 1 ("Original Complaint").  Accordingly, Giesler's Original Complaint stated a single cause of action for breach of contract.  *Id.* ¶¶ 22–25.  Prior to seeking any discovery, Giesler filed a Motion for Partial Summary Judgment on December 23, 2021, claiming that these additional RSUs are owed to him under the Employment Contract as a matter of law.  ECF No. 28.  In response, SandRidge filed its Cross-Motion for Partial Summary Judgment on January 27, 2022, asserting that Giesler is not entitled to any additional vesting and that SandRidge is therefore not in breach of the Employment Contract.  ECF No. 34, 34-1.[2]

---

[2] The legal sufficiency of Giesler's breach of contract claim is currently before the Court on the Parties' cross-motions for summary judgment.  ECF No. 28 (Plaintiff's Motion for Partial Summary Judgment); ECF No. 34 (Defendant's Cross-Motion for Partial Summary Judgment).  By moving to dismiss only the conversion claim in this motion, SandRidge

With no adequate explanation for his delay, and likely realizing that he did not have an avenue to demand delivery of SandRidge shares even should he prevail (*see* ECF No. 34-1 at 27-28), on February 2, 2022, Giesler moved for leave to file an amended complaint, seeking to add a claim for conversion.  ECF No. 37.  The Court granted leave on March 1, 2022.  ECF No. 39.

Giesler's Amended Complaint repeats, without addition or amendment, the entirety of his Original Complaint, including the factual allegations and the Prayer.  *Compare* Original Compl. ¶¶ 1–25, Prayer, *with* Am. Compl. ¶¶ 1–25, Prayer.  The only difference between the two complaints is an additional five sentences asserting conversion as a separate ground for recovery.  Am. Compl. at ¶¶ 26–30.  Indeed, all factual allegations underlying both Giesler's original breach of contract claim and his new conversion claim are identical, and Giesler explicitly premised his new conversion claim on the supposed "property rights" allegedly conferred "[u]nder the Employment Contract."  *See* Am. Compl. at ¶¶ 27–28.  Moreover, the relief Giesler seeks remains identical to that in his Original Complaint.  *Compare* Original Compl. at 6, *with* Am. Compl. at 6.  In other words, Giesler has simply recast his breach of contract claim as a conversion claim.

<u>**STANDARD OF LAW**</u>

Under Rule 12(b)(6), a cause of action that "fail[s] to state a claim upon which relief can be granted" must be dismissed.  Fed. R. Civ. P. 12(b)(6); *Ridge at Red Hawk, L.L.C.*

---

does not waive or forfeit any of its arguments supporting summary judgment in its favor on Giesler's breach of contract claim, which are presented in its Cross-Motion and Reply. ECF No. 34; ECF No. 41.

*v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Accepting the factual allegations of Giesler's Amended Complaint as true, the Court must dismiss the conversion claim if it fails to "state a claim to relief that is plausible on its face." *Renfro v. Champion Petfoods USA, Inc.*, 25 F. 4th 1293, 1300–01 (10th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In a case based on federal diversity jurisdiction," such as this one, "the law of the forum state governs" whether a plaintiff's claim is actionable. *Id.* at 1301. Further, it is undisputed that Oklahoma law applies to this action based on the language of Giesler's Employment Contract. Am. Compl. ¶ 6. Accordingly, Oklahoma law governs whether Giesler has stated a claim in seeking relief for a conversion predicated on a debt allegedly owed under his Employment Contract.

## ARGUMENT

### I. Under Oklahoma Law, a Breach of Contract Claim Cannot Merely be Recast as a Claim for Conversion.

Contract claims may not be transformed into conversion claims under Oklahoma law. *New Cingular Wireless, PCS, LLC v. Boone*, No. CIV-10-0982, 2011 WL 672551 (W.D. Ok. Feb. 15, 2011) (Heaton, J.) ("Plaintiff contends defendant is attempting to recast his breach of contract claim as a conversion claim, which is not allowed under Oklahoma law. The court agrees."); *Welty v. Martinaire of Okla., Inc.*, 867 P.2d 1273, 1275 (Okla. 1994).[3] Giesler's newly asserted conversion claim, however, attempts to do just that.

---

[3] *See also Worldcom, Inc. v. Boyne*, 68 F. App'x 447, 454 (4th Cir. 2003) ("Because this duty [to deliver shares of stock] exists solely by nature of WorldCom's obligations under the Stock Option Agreements, however, these allegations amount to a breach of contract claim. Therefore [Plaintiff's] conversion claim must be dismissed."); *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 416 (S.D.N.Y. 2013) ("A conversion claim

4

Despite asserting no new or changed facts in his Amended Complaint and despite an identical "Prayer" that seeks the exact same relief as sought in his Original Complaint, Giesler's Amended Complaint merely attempts to recast his breach of contract claim as a conversion claim.

Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. *Shebester v. Triple Crown Insurers*, 826 P.2d 603, 608 (Okla. 1992). "A determining factor in whether the cause of action sounds in tort or in contract is whether 'the action alleged arises solely from a breach of an obligation imposed by law as a result of the contractual relationship, and the damages sought are those associated with an action in tort rather than an action on the contract[.]'" *Bell v. RL Signor Holdings, LLC*, No. Civ-17-765-W, 2017 WL 11372407, at *4 (W.D. Okla. Oct. 17, 2017) (quoting *Flint Ridge Dev. Co. v. Benham-Blair & Affiliates, Inc.*, 775 P.2d 797, 799 (Okla. 1989)). Here, Giesler's conversion claim is nothing more than a repackaging of his breach of contract claim, expressly incorporating the allegations in his breach of contract claim into his conversion claim. Am. Compl. at ¶¶ 26–30. Indeed, after this incorporation by reference, Giesler's conversion claim begins with the words "[u]nder the Employment Contract," leaving no doubt that his conversion claim sounds in contract, not the tort of conversion. *Id.* at ¶ 27.

Giesler's conversion claim is based on SandRidge's alleged failure to remit RSUs

---

must be dismissed when it does not stem from a wrong independent of the alleged breach of contract.").

that he claims are owed pursuant to his Employment Contract.  Am. Compl. at ¶¶ 27–29.
Such a claim puts this case on all fours with the allegations in *New Cingular Wireless*.
2011 WL 672551 at \*2.  In that case, the plaintiff alleged that the defendant failed to remit
a contract severance payment owed from plaintiff's employment contract, but this Court
dismissed the conversion claim because, among other things, "attempting to recast [a]
breach of contract claim as a conversion claim" is "not allowed under Oklahoma law."  *Id.*
The same result should occur here.  Giesler alleges no wrong that SandRidge committed
independent from its supposed contractual obligations.  Nor does he seek any different
relief than that sought in his Original Complaint.  *Compare* Original Compl. at 6, *with* Am.
Compl. at 6.

Indeed, "[w]hatever relationship existed between [Plaintiff] and [Defendant],
whether as employer-employee or as independent contractors, did so ***by reason of
contract***."  *Welty*, 867 P.2d at 1275 (emphasis added).  Thus, here, "[i]f [SandRidge] did
not pay [Giesler] all [he] had coming when it was due, then a debt came into existence
***under the contract***."  *Id.* (emphasis added).  Accordingly, just as the Supreme Court of
Oklahoma held in *Welty*, "[t]his is not a conversion case."  *Id.*  Giesler's claim for
conversion should therefore be dismissed.  *Id.*; *see also New Cingular Wireless*, 2011 WL
672551 at \*2; *Miller v. EOG Res., Inc.*, No. Civ-19-1033-G, 2020 WL 592339, at \*2 (W.D.
Okla. Feb. 6, 2020) ("[W]ithout breach of an independent duty or the commission of an
'independent' tort[,] a contractual violation, even if intentionally undertaken, will not
support a claim for tort liability.").

## II.     A Claim for Conversion Cannot be Brought to Satisfy a Debt.

Whether arising from contract or otherwise, and regardless of whether a conversion claim is merely recast from a breach of contract claim (which Giesler's conversion claim is here), under Oklahoma law, "[o]ne may not maintain a tort action in conversion to satisfy a debt." *Welty*, 867 P.2d at 1275; *New Cingular Wireless*, 2011 WL 672551 at *2; *Taylor v. Chesapeake Operating, Inc.*, No. CIV-18-565-D, 2019 WL 6174944, at *6 (W.D. Okla. Nov. 20, 2019) (holding that the failure to pay royalties under an oil and gas lease created a debt and did not constitute conversion); *CRB Res. Inc. v. Newfield Expl. Mid-Continent Inc.*, No. CIV-16-1270-R, 2018 WL 4101523, at *3 (W.D. Okla. Aug. 28, 2018) (holding that failure to pay under the terms of an oil and gas lease could not constitute conversion).

In his Amended Complaint, Giesler claims that SandRidge breached his Employment Contract and, as a result of that breach, now owes him 284,323 RSUs. *See, e.g.*, Am. Compl. at ¶ 21 (alleging that Giesler "made a written demand for the ***unpaid*** vested RSUs." (emphasis added)). In other words, like in *Welty*, Giesler claims SandRidge "did not pay [him] all [he] had coming when it was due," and that SandRidge now owes him a supposed debt of 284,323 RSUs. *Welty*, 867 P.2d at 1275. Thus, even assuming Giesler is correct, his alleged "debt came into existence under the contract," and his conversion claim is therefore impermissible under Oklahoma law.[4] *Id.* Accordingly, Giesler's conversion claim should be dismissed.

---

[4] The fact that this "debt" arose pursuant to a contract is just further evidence his claim sounds in contract, not conversion. *See* Section I, *supra*.

III.    **There is No Cause of Action for Conversion of Intangible Property Such as RSUs.**

Even if Giesler's conversion claim was not otherwise barred under Oklahoma law, as described above, it would nevertheless be subject to dismissal.  Under Oklahoma law, there is no cause of action for conversion of intangible property, such as contractual promises.  "[T]he general rule in Oklahoma is that only *tangible* personal property may be converted."  *New Cingular Wireless*, 2011 WL 6272551 at *2 (citing *Welty*, 867 P.2d at 1275); *Am. Biomedical Grp., Inc. v. Techtrol, Inc.*, 374 P.3d 820, 825 (Okla. 2016) ("Oklahoma does not recognize the tort of conversion of intangible property in the same manner as it does for personal property."); *Smith v. Pohl*, No. CIV-14-813-D, 2014 WL 4825167, at *1–2 (W.D. Okla. 2014) (dismissing plaintiff's conversion claim where defendant sought dismissal based on "the principle[] . . . that there is no 'cause of action for conversion of a contractual right'").

Here, Giesler alleges that he "has property rights in the 284,323 RSUs" and that SandRidge's "act of conversion" was that it "wrongfully exerted dominion and control over those RSUs in a manner inconsistent with Giesler's rights therein."  Am. Compl. at ¶¶ 27–29.  But RSUs are indisputably intangible, as they are merely contingent promises to transfer shares at a later date, and each RSU represents the corresponding contingent right to receive a share at a later date.  Indeed, "[r]estricted stock units (RSUs) are a form of equity-based compensation consisting of ***contractual promises*** by an employer to deliver shares of stock at a future date once the RSUs have vested."  *In re E.J.S.*, 483 P.3d 110, 111 (Wash. Ct. App. 2021) (emphasis added); *Melton v. Melton*, No. FA000372455, 2007

WL 2039063, at *3 (Conn. Super. Ct. June 27, 2007) ("Restricted stock units constitute *a promise to transfer* shares of a company's stock at a later date, after the applicable vesting conditions on the promise have been satisfied." (emphasis added)); *In re MF Glob. Holdings, Ltd*, No. 11-15059 (MG), 2014 WL 3882363, at *6 (Bankr. S.D.N.Y. Aug. 6, 2014) ("RSUs, like stock options, were a 'means of acquiring stock'. . . ."). Giesler's own allegations reveal that the RSUs he seeks are merely a contractual promise, a contingent right to receive stock at a later date. Am. Compl. at ¶ 27.[5]

Because such contractual promises are intangible, not tangible personal property, they cannot be converted. Giesler's Amended Complaint thus fails to state a claim for conversion. Accordingly, the Court should likewise dismiss Giesler's conversion claim on this ground.

## IV.    Further Amendment Would Be Futile and Giesler's Conversion Claim Should be Dismissed with Prejudice.

Giesler has already had two opportunities to properly allege a conversion claim. But setting aside the fact that the very thing Giesler claims to have been converted—RSUs—are a mere contractual right that cannot be converted, there is no set of facts that would support an actionable conversion claim in this case. Indeed, because Giesler's claim for conversion stems entirely from an alleged breach of his Employment Contract, any claim

---

[5] As an aside, Giesler even concedes in public SEC filings that each RSU he claims to have been converted is nothing more than a "contingent right to receive one share of common stock." *See, e.g.*, United States SEC Form 4, filed April 8, 2021 (available at https://www.sec.gov/Archives/edgar/data/0001349436/000156218021002750/xslF345X0 3/primarydocument.xml) (last accessed March 15, 2022).

regarding the RSUs is intertwined with, and not independent from, this contract.  *See supra*, Section I.  Accordingly, further amendment would be futile and Giesler's claim should be dismissed, with prejudice.  *See, e.g.*, *New Cingular Wireless*, 2011 WL 672551 at *2 (dismissing claim with prejudice because "attempting to recast [a] breach of contract claim as a conversion claim" is "not allowed under Oklahoma law."); *see also Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("[A] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." (internal quotation marks and citation omitted)).

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should dismiss the conversion claim in Giesler's Amended Complaint with prejudice.

Dated: March 16, 2022

Respectfully submitted,

<u>s/ Seth E. Spitzer</u>
Chad B. Walker (admitted *pro hac vice*)
John T. Sullivan (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400
Email: cbwalker@winston.com
Email: jsullivan@winston.com

Seth E. Spitzer (admitted *pro hac vice*)
Adam P. Moskowitz (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: sspitzer@wintston.com
Email: apmoskowitz@winston.com

L. Vance Brown
**ELIAS, BOOKS, BROWN & NELSON, P.C.**
Two Leadership Square
211 North Robinson, Suite 1300
Oklahoma City, OK 73102-7149
Telephone: (405) 232-3722
Facsimile: (405) 232-3746
Email: vbrown@eliasbooks.com

*Counsel for SandRidge Energy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants.

Phillip G. Whaley
Ryan Whaley Coldiron Jantzen Peters & Webber PLLC
400 N. Walnut Ave
Oklahoma City, OK 73104
405-239-6040
pwhaley@ryanwhaley.com

Brandon T. Allen
Reynolds Frizzell LLP
1100 Louisiana St
Suite 3500
Houston, TX 77002
713-485-7200
ballen@reynoldsfrizzell.com

Jean C. Frizzell
Reynolds Frizzell LLP
1100 Louisiana St
Suite 3500
Houston, TX 77002
713-485-7200
jfrizzell@reynoldsfrizzell.com

s/ Seth E. Spitzer
Seth E. Spitzer